**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EUGENE SCALIA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br>     Plaintiff, <br><br> v. <br><br> HENKELS & MCCOY, INC., <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

20     1309

**FILED**

MAR 0 6 2020

KATE BARKMAN, Clerk
By_____Dep. Clerk

**COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Henkels & McCoy, Inc., ("Defendant"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendant in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendant pursuant to the Act and an equal amount due to the employees of Defendant in liquidated damages.

1.    Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.    Defendant Henkels & McCoy, Inc. is a corporation duly incorporated under the laws of the Commonwealth of Pennsylvania, with its headquarters and principal place of business located at 985 Jolly Road, Blue Bell, PA, in Montgomery County within the jurisdiction of this court. Defendant is a national infrastructure design, engineering, and construction firm. Defendant is engaged in the construction of interstate natural gas pipelines and other natural gas

facilities in the Commonwealth of Pennsylvania, Connecticut, Georgia, New York, and West Virginia.

3.     The business activities of Defendant, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

4.     Defendant has employed and is employing employees in and about its place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees construct natural gas pipelines to facilitate the interstate transportation and sale of natural gas. Defendant's employees handle materials, tools, and equipment shipped in interstate commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendant's employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

5.     Defendant willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing its employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendant is liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

2

6.     During the time period from at least February 14, 2017, through at least February 13, 2019, Defendant failed to compensate certain of its employees employed as Operators and Laborers who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. These employees worked, on average, approximately 60 hours per workweek during the relevant time period.

7.     Defendant failed to include daily lump sum payments to Operators and Laborers that Defendant labeled as "per diems" as part of these employees' regular rates when calculating overtime premium pay. These payments ranged between approximately $20 to $45 per day, depending on the job site.

8.     These payments were not related to any travel or work-related expenses Operators and Laborers actually incurred in furtherance of Defendant's interests as their employer and properly reimbursable by Defendant. Rather, the lump sum payments labeled as "per diems" were simply additional remuneration that Defendant failed to include in Operators' and Laborers' regular rates for purposes of calculating overtime premium pay when they worked in excess of forty hours per workweek.

9.     During the time period from at least February 14, 2017, through at least February 13, 2019, Defendant also failed to include daily lump sum payments of approximately $45 to $65 to Operators labeled as "truck rental pay" or "Personal Owned Vehicle (POV) Allowance" as part of Operators' regular rates when calculating overtime premium pay. Operators worked, on average, approximately 60 hours per workweek during the relevant time period.

10.    Defendant paid these lump sums to Operators for each day worked, regardless of whether Operators actually used their personally owned vehicles for any work-related purposes.

3

Defendant paid Operators these lump sums even when Operators did not use their personally owned vehicles.

11.     Therefore, despite Defendant's labeling of the payments as "rental" payments, Defendant was not actually renting Operators' personally owned vehicles. These payments had no relation to any work-related travel expenses the employees actually incurred in furtherance of Defendant's interests as their employer and properly reimbursable by Defendant. Rather, these payments were additional remuneration and compensation for services that Defendant failed to include in employees' regular rates for purposes of calculating overtime premium pay when these employees worked in excess of forty hours per workweek.

12.     Defendant knew it was obligated to pay its employees one and one-half times their regular rates for hours worked in excess of forty per workweek, and knew it was obligated to include all remuneration in their employees' regular rates of pay when calculating overtime premium pay. Defendants disguised as "per diems" and "trunk rental pay" lump sum payments that in reality had no relation to any work-related expenses, and were therefore additional wages rather than reimbursements.  Defendant did not require any receipts or documentation of expenses incurred as a prerequisite to payment. The lump sum payments corresponded only to employees' days worked and job classification. Therefore, at a minimum, Defendant showed reckless disregard toward whether its conduct was prohibited by the Act.

13.     Defendant violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendant failed to make, keep, and preserve adequate and accurate records of its employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

14.     For example, Defendant failed to keep records of the occurrence, amount, and nature of any actual travel or work-related expenses for which it was purportedly reimbursing

4

employees via the "per diems" and "truck rental pay."   Defendant failed to keep records of when

Operators actually used their personally owned vehicles for any work-related purposes.

Defendant failed to keep accurate records of employees' regular rates of pay for purposes of

calculating overtime premium pay by excluding from their regular rates additional compensation

labeled as "per diems" and "truck rental pay" or "Personally Owned Vehicle (POV) Allowance"

that had no relation to any travel or work-related expenses. Defendant failed to keep accurate

records of employees' overtime premium pay due for workweeks in which employees worked

over forty hours by excluding this additional lump sum remuneration from employees' regular

rates that had no relation to any travel or work-related expenses.

WHEREFORE, cause having been shown, the Secretary prays for judgment against

Defendant providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining

and restraining Defendant, its officers, agents, servants, employees, and those persons in active

concert or participation with Defendant who receive actual notice of any such judgment, from

violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendant liable for

unpaid overtime compensation due to certain of Defendant's current and former employees listed

in the attached Schedule A for the period of at least March 13, 2016, through at least October 28,

2018, and for an equal amount due to certain of Defendant's current and former employees in

liquidated damages. Additional amounts of back wages and liquidated damages may also be

owed to certain current and former employees of Defendant listed in the attached Schedule A for

violations prior to March 13, 2016, and continuing after October 28, 2018, and may be owed to

5

certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendant, its officers, agents, employees, and those persons in active concert or participation with Defendant, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendant's employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:                                    **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor                      Kate S. O'Scannlain
Office of the Regional Solicitor            Solicitor of Labor
170 S. Independence Mall West
Suite 630E, The Curtis Center              Oscar L. Hampton III
Philadelphia, PA 19106                         Regional Solicitor

(215) 861-5141 (voice)                         /s/ Brian P. Krier
(215) 861-5162 (fax)                            Brian P. Krier
                                                           Senior Trial Attorney
krier.brian@dol.gov                             PA ID # 313826

                                                           Attorneys for Plaintiff

6

## SCHEDULE A

| FIRST NAME | LAST NAME |
|---|---|
| CASSANDRA | ADKINS |
| DANIEL | ADKINS |
| LOWELL | ADKINS |
| RARD | ADKINS |
| MARLENE | ALFORD |
| GLENDON | ALLEN |
| KEVIN | ALLEN |
| ADAM | ALLS |
| JOHNNY | BALDWIN |
| ROSS | BANACH |
| CURTIS | BARBACCI |
| JASON | BARNES |
| MICHAEL | BARON |
| JASON | BARR |
| HENRY | BARRY JR |
| KENNETH | BEATY |
| DUSTIN | BEAVER |
| IVAN | BELLOTTO |
| SHANNON | BELVILLE |
| JOSEPH | BENDER |
| STEVEN | BIELLA |
| JAMES | BIRD |
| JOSEPH | BIRD |
| DAVID | BLACKWELL |
| JAMES | BLOODWORTH II |
| RICHARD | BOJO JR |
| DANIEL | BOLT |
| OSCAR | BONNER JR |
| CORY | BOWER |

| | |
|---|---|
| JAY | BOYER |
| SAMUEL | BRANNIGAN |
| EUGENE | BRICE JR |
| DANE | BROSIOUS |
| CHRISTOPHER | BROWN |
| KELLY | BROWN |
| BARRINGTON | BROWN JR |
| JAMES | BRUMFIELD |
| JOSHUA | BRYANT |
| LEVI | BRYANT |
| ANTHONY | BUCCHERI |
| GARRISON | BURCZY |
| BENJAMIN | BURDETTE |
| JOE | BURKHAMER |
| TERRY | BURNLEY |
| JOSHUA | BURNS |
| TERRY | BURNS |
| THOMAS | CADE |
| ELIJAH | CANTERBURY |
| ERIK | CARPENTER |
| RONALD | CARR |
| DURAND | CARSON JR |
| RYAN | CASEY |
| SEAN | CASEY |
| JERRY | CHAPMAN |
| STEPHEN | CHAPMAN |
| ANDREW | CHEREPANOV |
| ALEXANDER | CHILDERS |
| MARK | CHILDERS |
| MATTHEW | CHIPEGO |
| MARK | CHUDOBA |
| ROY | CLARK |

SCHEDULE A – PAGE 2

| | |
|---|---|
| JEFFREY | CLENDENIN |
| RANDALL | COGAR |
| MICHAEL | COLARUSSO |
| RICKY | COLBURN, III |
| LOUIS | COLELLO |
| LEVI | COLEMAN |
| RICHARD | COLEMAN |
| MICHAEL | COLLINS |
| RONALD | CONLEY |
| THOMAS | COOL JR |
| JAMES | COPELAND |
| TRACEY | CORDIAL |
| DAVID | CRAIG II |
| NICHOLAS | CRIPPEN |
| ISAAC | CROW |
| WILLIAM | CUMMINGS |
| ROBBIE | DALTON |
| KARIN | DAY |
| JOSHUA | DEEM |
| DONALD | DEFAZIO |
| DYLAN | DEGILIO |
| DAKOTA | DELANEY |
| LUKE | DERBY |
| SHELDON | DERCK |
| CHRISTOPHER | DERWIN |
| ROBERT | DINGESS |
| VINCENT | DIPILATO |
| NICHALOS | DISCIULLO |
| DAVID | DIXON |
| KEVIN | DIXON |
| BRIAN | DOHERTY |
| CODEY | DONAHUE |

SCHEDULE A – PAGE 3

| | |
|---|---|
| WILLIAM | DONAHUE |
| RAYMOND | DOWNS |
| JORDAN | DRAKE |
| JOSHUA | DRAKE |
| JUSTIN | DRAKE |
| WARDEN | DRAKE |
| NED | DRUMHELLER |
| JEFFREY | DURANTE |
| HAROLD | EASTHAM |
| CHRISTOPHER | ELLIOTT |
| DAVID | ELMORE |
| SEAN | EMBLETON |
| MARK | ENGLES |
| NATHANIEL | ENGLES |
| JEREMY | EPLING |
| KEVIN | ERWIN |
| GREGORY | EVANS |
| THOMAS | EXETER |
| DONALD | FETTERMAN |
| JOHN | FIELDS |
| BRIAN | FITCH |
| PAUL | FOLLERT JR |
| DAVID | FORTIN |
| JACK | FOUGHT |
| JOEY | GANDEE |
| ERNEST | GARLAND |
| QUIENTON | GARRETT |
| MICHAEL | GASPER JR |
| RONALD | GAVRONSKY JR |
| CHARLES | GIBSON |
| DAVID | GIBSON |
| DEREK | GIBSON |

SCHEDULE A – PAGE 4

| | |
|---|---|
| STEVEN | GILLETTE |
| ADAM | GREATHOUSE |
| WILLIAM | GREATHOUSE |
| SAMUEL | GRISHABER |
| RANDY | GUTHRIE |
| JEREMY | HACKENBERG |
| JOHN | HACKENBERG |
| JONATHON | HARMON |
| JASON | HARRIS |
| ZEBULON | HARRISON |
| ROBERT | HASKIN |
| CARL | HAWKINS |
| JOSEPH | HEATER |
| JAMES | HECKROTE |
| CHANCE | HENSLEY |
| NOAH | HENSON |
| COREY | HEPLER |
| KENNETH | HERON |
| CARL | HILAND |
| JONATHAN | HILAND |
| SCOTT | HILL |
| CLEMENT | HILS JR |
| RICHARD | HINCHLIFFE |
| ANTHONY | HOLDEN |
| MATTHEW | HOLGATE |
| DOUGLAS | HOLGATE JR |
| MATTHEW | HOLLEY |
| PHILLIP | HOLLEY |
| CHAD | HONEYWELL |
| JEREMY | HOOVER |
| JOSHUA | HOOVER |
| JASON | HORN |

SCHEDULE A – PAGE 5

| HARRY | HOWARD |
| ERIC | HUNDLEY |
| TIMOTHY | HUNT |
| DAVID | HURTADO |
| HUNTER | HUYETT |
| DENNIS | JACKSON |
| DAVID | JACOBY |
| TRACY | JARVIS |
| ANTHONY | JIVIDEN |
| CLOVIS | JOHNSON |
| MARLANA | JOHNSON |
| WILLIAM | JOHNSON |
| DOUGLAS | JOHNSON JR |
| JONATHAN | JONES |
| WILLIAM | JONES |
| GEORGE | KEATON |
| MICHAEL | KEATON |
| DANIEL | KELLEY |
| BENJAMIN | KERBY, JR |
| FORREST | KERSTETLER |
| BRANDON | KILE |
| JAMES | KILGORE III |
| COREY | KISER |
| GLENN | KISER |
| MICHAEL | KISH |
| TAYLOR | KISHBAUGH |
| DONNA | KISKO |
| MARLIN | KRATZER JR. |
| PETER | KRISOVITCH |
| LUKE | KROMPASKY |
| STEPHEN | KUHL |
| JOSHUA | KYLE |

SCHEDULE A – PAGE 6

| | |
|---|---|
| TRENT | LAMBERT |
| JOHN | LAWRENCE |
| DARRELL | LEGG |
| JAMES | LEMIEUX |
| MATTHEW | LEMLEY |
| CASSANDRA | LESHER |
| EDWARD | LESTER |
| JACOB | LETT |
| DUSTIN | LEWIS |
| LARAMY | LEWIS |
| JASON | LILLY |
| DWIGHT | LISICKI |
| CHARLES | LITTLE |
| EDWARD | LITTLE |
| MATTHEW | LITTLE |
| KEVIN | LIUZZO |
| JACK | LIVELY |
| LAURA | LLOYD |
| SHANIA | LLOYD |
| TYLER | LONG |
| JEREMIAH | LOPEZ |
| MICHAEL | LORSON |
| TIMOTHY | LUCIBELLO |
| CODIE | LUKASHEWSKI |
| GARY | MADDOX |
| JESSE | MALLETT |
| JUSTIN | MALONE |
| RONALD | MARTIN |
| TIMOTHY | MARTIN |
| WILLIAM | MARTIN |
| CHRISTOPHER | MATOUSHEK |
| JOHN | MCCANN |

SCHEDULE A – PAGE 7

| | |
|---|---|
| KENNETH | MCCARTHY |
| DENVER | MCCOURT |
| DARREN | MCCOY |
| WILLIAM | MCDERMITT |
| SEAN | MCDONALD |
| RICHARD | MCFADDEN |
| CALEB | MCGUIRE |
| WESLEY | MCKINNEY |
| GLENN | MCLAREN |
| MICHAEL | MCNEELY |
| TONYA | MCREYNOLDS |
| KEVIN | MEADOWS |
| JOSEPH | MEISSNER |
| NEIL | METZGAR |
| JOHNNY | MIDKIFF |
| KEITH | MILES JR |
| RYAN | MILK |
| CHRISTOPHER | MILLER |
| DARRELL | MILLER |
| JAMIN | MILLER |
| DEREK | MITCHELL |
| ROBERT | MIZOK |
| BROADDUS | MOORE |
| BENJAMIN | MORGAN |
| ZACHARY | MOWERY |
| TILLMAN | MUCKENFUSS |
| BRIAN | MURPHY |
| MATTHEW | MURPHY |
| NICK | NAZZARO |
| RYAN | NELSON |
| BRENT | NETTLES, II |
| REBECCA | NICHOLS |

SCHEDULE A – PAGE 8

| | |
|---|---|
| BRIAN | NUNLEY |
| CHARLES | NUTTER |
| JASON | NUTTER |
| JOHN | O'BRIAN |
| JOHN | O'BRIEN |
| KURT | OBRIEN JR |
| TERRENCE | O'BRIEN JR |
| ADAM | ODELL |
| ARLIE | OVERTON |
| JUSTIN | PALMER |
| FORREST | PARSONS |
| JACOB | PARSONS |
| JOSHUA | PARSONS |
| BRIAN | PAUL |
| RONALD | PAULSEN |
| REBA | PAYTON |
| KAREN | PEREZ |
| TERESA | PERRY |
| SHAWN | PERSINGER |
| CHARLES | PETTIT |
| JORDAN | PIERSON |
| MICHAEL | PINSON |
| DAKOTA | PITTMAN |
| DENIS | PLOURDE |
| TYLER | PRICE |
| KENNETH | PRIESTLEY |
| CHAD | RAY |
| WALTER | RAYBORN |
| TODD | RAYNES |
| SHAWN | REED |
| JOHN | RHODES |
| RICHARD | RHODES |

SCHEDULE A · PAGE 9

| | |
|---|---|
| SKYLER | RHODES |
| SHANE | RICHART |
| SHAWN | RICHART |
| CHAD | ROBERTS |
| JOSHUA | ROGERS |
| JOHN | ROMANO |
| CRAIG | ROSS |
| JAMES | ROSS |
| JONATHON | ROSS |
| KYLAN | ROSS |
| RICHARD | RUBIO |
| SHAWN | RUSH |
| PAUL | SABLITZ |
| ERIC | SAMANAS |
| GAREY | SAMOK JR |
| EDWARD | SCHAEFER |
| THOMAS | SCHAEFFER |
| DANIEL | SCHARIEST |
| WAYNE | SCHWEIGHOFER |
| CARROLL | SCOTT |
| DUANE | SCOVILLE |
| RYAN | SEBASTIAN |
| JEFFREY | SEXTON |
| MOLT | SHAFER |
| SAMUEL | SHAFER |
| ANDREW | SHAMBLIN |
| DELMER | SHAMBLIN |
| FRED | SHAMBLIN |
| RANDAL | SHELTON |
| JOHN | SHERIDAN |
| SHANE | SHERWOOD |
| JESSE | SIGNORE |

SCHEDULE A – PAGE 10

| ROBERT | SILFEE JR |
| ALVA | SIZEMORE |
| DANA | SKELTON |
| JESSE | SLATER, JR |
| ADAM | SLOAN |
| BRANDON | SMITH |
| CHRISTOPHER | SMITH |
| DANIEL | SMITH |
| DARRELL | SMITH |
| JEFFERY | SMITH |
| JERRY | SMITH |
| KELLY | SMITH |
| MARK | SMITH |
| RICK | SMITH |
| STEVEN | SMITH |
| WAYNE | SMITH |
| CHARLIE | SONGER |
| FRANCESCO | SORACE |
| ROBERT | SORBER |
| TIMOTHY | SOWARDS |
| ARTHUR | SPENCER |
| MOHAMMED | SSEBULIME |
| EAN | STARCHER |
| SEAN | STARKOSKI |
| WILLIAM | STEELE |
| NICHOLAS | STEVENS |
| JOSHUA | STIFF |
| BRADFORD | STONE |
| JASON | STOVER |
| TODD | STYER |
| HEATH | SUTTON |
| DOUGLAS | TALLMAN JR |

SCHEDULE A – PAGE 11

| | |
|---|---|
| ALVIN | TERRY SR |
| JAN | TERWINT |
| KURTIS | THAXTON |
| LESTER | THAXTON |
| WYATT | THOMAS |
| ZACHARIAH | THOMAS |
| MICHAEL | THOMPSON |
| TIMOTHY | THOMPSON |
| CHARLES | TIERNEY JR |
| FRANK | TIRILLO |
| COURTNEY | TOLOKAN |
| TIOFILUSI | TONGAMOA |
| BRAULIO | TORRES |
| GIL | TOUGAS |
| ROBERT | TUCKER |
| BRIDGET | VANCE-SMITH |
| SERGIO | VEGA-BERMUDEZ |
| ROBERT | VOYTON |
| CHEYENNE | WADE |
| ZACHERY | WARD |
| JENNIFER | WASHNEY |
| DAVID | WATKINS |
| SHAESON | WATSON |
| SEAN | WEARNE |
| FRANKLIN | WEARS |
| BILLY | WEHRLE |
| TYLER | WELLMAN |
| DAVID | WENDELL |
| MORGAN | WESTON |
| CORIE | WHITE |
| JOSHUA | WHITE |

| | |
|---|---|
| JUSTIN | WHITE |
| MICHAEL | WHITE |
| MORGAN | WHITTINGTON |
| TYLER | WIDDICK |
| JAMES | WIGAL |
| BRADFORD | WILLIAMS |
| JOSHUA | WILLIAMS |
| RICHARD | WILLIAMS |
| ROBERT | WILLIAMS |
| SETH | WILLIAMS |
| CHARLES | WILLIAMSON |
| DANIEL | WILLIS |
| MATTHEW | WILLIS |
| ADAM | WILSON |
| JOHN | WILSON |
| RICHARD | WOMBACKER |
| CHRISTOPHER | WOOD |
| ERIC | WOOD |
| DAVID | WOODARD |
| DARRELL | WOOTEN |
| JAMES | WORKMAN |
| ROBERT | WRAY |
| STEVEN | WRIGHT |
| JOHN | YASHKUS |
| STEVEN | YOST |
| MICHAEL | YUHASZ |
| MICHAEL | YUHASZ JR |
| MARK | ZABOROWSKI |
| ARRON | ZERKLE |

SCHEDULE A -- PAGE 13

20-1309

JS 44 (Rev 09.19)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

20   1309

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Eugene Scalia, Secretary of Labor, U.S Department of Labor | Henkels & McCoy, Inc |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   Montgomery |
|---|---|
| *(EXCEPT IN U S PLAINTIFF CASES)* | *(IN U S PLAINTIFF CASES ONLY)* |
| | NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) Attorneys *(Firm Name Address and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Brian P Kner, U S Dept. of Labor - Office of the Regional Solicitor, 170 S Independence Mall West Suite 630E, Philadelphia, PA 19106, (215) 861-5141 | Jay Glunt, Reed Smith LLP, Reed Smith Centre, 225 Fifth Avenue, Pittsburgh, PA 15222, (412) 288-3131 |

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U S Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U S Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS —Third Party | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq

Brief description of cause
Failure to pay proper overtime premium, failure to keep complete and accurate records of overtime due

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $   CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE ___   DOCKET NUMBER ___

DATE   03/06/2020

SIGNATURE OF ATTORNEY OF RECORD

MAR 6 2020

MAR - 6 2020

### FOR OFFICE USE ONLY

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG JUDGE ___

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**20   1309**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: *170 S. Independence Mall West Suite 630 E  Phila., PA 19106*

Address of Defendant: *985 Jolly Road  Blue Bell, PA*

Place of Accident, Incident or Transaction: *Montgomery County, PA*

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☐ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE  *03/06/2020*      ✗ _____      *313826*
                        *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I D # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.*     *Federal Question Cases:*                          *B.*     *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts          ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                                  ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                             ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                             ☐  4.  Marine Personal Injury
☐  5.  Patent                                                               ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                            ☐  6.  Other Personal Injury *(Please specify)* _____
☐  7.  Civil Rights                                                          ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                         ☐  8.  Products Liability · Asbestos
☐  9.  Securities Act(s) Cases                                               ☐  9.  All other Diversity Cases
☐ 10.  Social Security Review Cases                                                 *(Please specify)* _____
☒ 11.  All other Federal Question Cases   *FLSA*
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, *Brian P. Krier* _____ , counsel of record *or* pro se plaintiff, do hereby certify

☒  Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☒  Relief other than monetary damages is sought.

**MAR - 6 2020**

DATE  *03/06/2020* _____      _____      *313826*
                                   *Signature if applicable*       _____
                                   *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

**TJS**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Eugene Scalia, Secretary of Labor, U.S. Department of Labor | : | CIVIL ACTION |
| v. | : | **20    1309** |
| Henkels & McCoy, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases )                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 03/06/2020 | Brian P. Krier | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 861-5141 | (215) 861-5162 | krier.brian@dol.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR - 6 2020