UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>      Plaintiff,<br><br>v.<br><br>HENKELS & MCCOY, INC.,<br><br>      Defendant. | Civil Action No. 2:20-cv-01309-TJS<br><br>**Electronically Filed** |

## ANSWER AND DEFENSES TO COMPLAINT

Defendant Henkels & McCoy, Inc. ("Defendant" or "Henkels") provides the following Answer and Affirmative Defenses to the Complaint of Plaintiff Eugene Scalia ("Plaintiff") using numbered paragraphs that correspond to the numbered paragraphs of the Complaint. Unless specifically noted otherwise in this pleading, Henkels denies any and all allegations of unlawful conduct contained in the Complaint.

## ANSWER TO COMPLAINT ALLEGATIONS

1. Admitted.

2. Henkels admits only that it has a principal place of business at the address identified in this paragraph. Henkels denies the characterizations about its business activities as described in this paragraph, and all remaining allegations.

3. The allegations contained in Paragraph 3 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

4. Henkels admits only that certain of its employees have been involved with projects to construct natural gas pipelines. The remaining allegations contained in Paragraph 4 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

5. Denied. By way of further response, Henkels' payment of wages to its employees has been in compliance with applicable laws.

6. Denied. By way of further response, Henkels' payment of wages to its employees has been in compliance with applicable laws.

7. Henkels admits only that from time to time, some of its employees received payments commonly referred to as "per diem" payments." Henkels denies all remaining allegations in Paragraph 7 of the Complaint. By way of further response, Henkels' payment of wages to its employees has been in compliance with applicable laws.

8. Denied.

9. Henkels admits only that from time to time, some of its employees received payments commonly referred to as "truck rental pay." Henkels denies all remaining allegations in Paragraph 9 of the Complaint. By way of further response, Henkels' payment of wages to its employees has been in compliance with applicable laws.

10. Henkels admits only that from time to time, some of its employees received payments commonly referred to as "truck rental pay." Henkels denies all remaining allegations in Paragraph 9 of the Complaint. By way of further response, Henkels' payment of wages to its employees has been in compliance with applicable laws, including 29 C.F.R. §778.224(b)(1), which specifically provides that "[s]ums paid to an employee for the rental of his truck or car" is an example of "other similar [excludable] payments."

11. Denied.

12. Denied.

13. The allegations contained in Paragraph 13 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

14. The allegations contained in Paragraph 14 of the Complaint are legal contentions and conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

Henkels is not required to admit or deny the unnumbered paragraphs below Paragraph 14 of the Complaint, but Henkels denies that Plaintiff is entitled to any of the relief requested and specifically denies that Plaintiff, or Henkels' employees, are entitled to any relief set forth in Plaintiff's WHEREFORE clause sections (1)-(3).

All allegations not specifically admitted are denied.

## DEFENSES

By pleading these defenses, Henkels does not assume the burden of proving any defense, fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, in whole or in part, including any claims for damages and attorneys' fees.

## SECOND DEFENSE

Plaintiff's claims fail because at all times Henkels' employees have been paid all compensation due and owing in accordance with all applicable federal, state, and local laws.

### THIRD DEFENSE

Henkels' actions and/or omissions were in good faith, in conformity with applicable statutes, laws and regulations, and based upon the reasonable belief that Henkels was in compliance with all applicable laws.

### FOURTH DEFENSE

Henkels has made a reasonable and good-faith effort to comply with all applicable laws regarding payment of wages.

### FIFTH DEFENSE

Any alleged violation of the FLSA was not willful and therefore all claims are limited to a two-year limitations period.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, 29 U.S.C. § 255.

### SEVENTH DEFENSE

No actions or omissions by Henkels with respect to Henkels' employees constitute a willful, knowing or reckless disregard of its employees' rights under the law; therefore, Plaintiff may not recover liquidated damages on behalf Henkels' employees. Indeed, Plaintiff fails to state a claim upon which liquidated damages can be awarded, in whole or in part.

### EIGHTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of compensation is non-compensable time and is barred by 29 U.S.C. § 254(a).

## NINTH DEFENSE

Henkels is entitled to an offset against any amounts due to its employees in the nature of unpaid wages equal to amounts Henkels overpaid its employees beyond requirements of applicable law.

## TENTH DEFENSE

Plaintiff may not seek wages for time that is *de minimis*.

## ELEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief because there is no reasonable threat of irreparable harm.

## TWELFTH DEFENSE

Plaintiff's claims fail, in part, because truck rental payments are excludable from an employee's regular rate as authorized by 29 C.F.R. §778.224(b)(1), which specifically provides that "[s]ums paid to an employee for the rental of his truck or car" is an example of "other similar [excludable] payments."

## THIRTEENTH DEFENSE

No actual case or controversy exists as to a practice of per diem payments made to certain local employees because Henkels agreed, without any admission of liability, to enter into a payment program with the Department of Labor using the Department of Labor's proposed formula, and therefore the Court lacks jurisdiction over that aspect of the Complaint.

Henkels presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Henkels reserves the right to amend and add additional defenses and/or counterclaims as deemed necessary and permitted by the Court.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Henkels respectfully requests that the Court enter an Order dismissing the Complaint in its entirety, with prejudice, and awarding Henkels its costs and expenses, including reasonable attorneys' fees, as set forth under the law; and awarding Henkels such other relief as the Court deems just and proper.

Dated:  May 11, 2020                                              Respectfully submitted,


/s/ Gavin T. Carpenter
Gavin T. Carpenter (PA326313)
gcarpenter@reedsmith.com
Reed Smith LLP
Three Logan Square, Suite 3100
1717 Arch Street
Philadelphia, PA 19103
Telephone:  215-241-7950
Facsimile:  215-851-1420

James F. Glunt (PA85555)
jglunt@reedsmith.com
   (pro hac vice forthcoming)
Raeann Burgo (PA85515)
rburgo@reedsmith.com
   (pro hac vice forthcoming)
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone:  412-288-4121/3383
Facsimile:  412-288-3036

Attorneys for Defendant
Henkels & McCoy, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of May, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Gavin T. Carpenter*
Attorney for Defendant
Henkels & McCoy, Inc.